MARY A. GLASS *v.* J. A. TEVIS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—325.]

**Separate Estate of Married Woman.**
> The separate estate of a married woman can not be subjected to the payment of her debts by an action ordinary. This can only be done by a proceeding in equity.

APPEAL FROM SHELBY CIRCUIT COURT.

October 1, 1881.

OPINION BY JUDGE LEWIS:

This is an action to recover a personal judgment against a married woman upon an account for the tuition of her daughter. Upon the trial a verdict for the amount of the account sued on and interest was rendered by the jury, and thereupon the court gave judgment to be levied of her separate personal estate, for $241.46. A new trial having been refused, she appeals to this court.

We know of no authority, and counsel for appellee have cited none, sanctioning the proceedings had in this case. The separate estate of a married woman cannot be subjected to the payment of her debts by an action ordinary. If done at all it must be by a proceeding in equity, the chancellor only having the power to subject it.

It is unnecessary to notice the various errors assigned by appellant. The judgment of the court below must be *reversed* and the cause remanded with directions to set aside the judgment of the court and verdict of the jury, and for other proceedings consistent with this opinion.

*Bullock & Beckham, for appellant.*
*Caldwell & Harwood, for appellees.*